IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARLA HARSHBERGER

VS.                                                                          CIVIL ACTION NO. 1:10CV227-GHD-DAS

HILL-ROM COMPANY, INC.

**REPORT AND RECOMMENDATION**

This matter is before the court on motion of the defendant to enforce the settlement agreement (# 150). Also before the court is the cross-motion of the plaintiff to enforce the settlement agreement (# 154). After considering both motions and the responses thereto, and after conducting an evidentiary hearing, the court recommends as follows:

**I.  FACTS**

On July 12, 2012, a jury returned a verdict for the plaintiff in this action, totaling $700,000.00. Shortly thereafter, the defendant filed a motion for judgment as a matter of law, remittitur, or new trial. Those motions remain pending. When the parties completed briefing on those post-trial motions, they attended a settlement conference with the undersigned magistrate judge. The parties did not settle on that day – November 14 – but the magistrate judge stayed in contact with the attorneys from both sides over the next two days, and on November 16, the parties agreed to settle the litigation for an amount of money that would remain confidential. The plaintiff, of course, agreed that in return for this payment, she would dismiss all claims against the defendant.

There is no question that the major impediment to settlement was the amount to be paid by the defendant and accepted by the plaintiff. However, that was not the only issue discussed

1

during the negotiations. As plaintiff's counsel pointed out during the hearing, the plaintiff wanted to make certain she would receive the funds within thirty days. She also knew that the parties would agree to keep the amount paid confidential. Consequently, on November 18, plaintiff's counsel sent the following email to defense counsel:

> Robin,
>
>> As we discussed on Friday, assuming your client can have the settlement funds here in no less than 30 days,[1] we have a deal at $ ___. It is my understanding that the only additional term in the release will be a confidentiality provision, to which my client does not object. Would you send a release for my client's execution, please?
>
> Rachel

After receiving this email, defense counsel responded as follows:

>> Good morning, Rachel. I do not think that issuing a check within 30 days will be an issue, provided we have a signed settlement agreement. I will prepare a standard settlement agreement, with language required by our firm for the new Medicare reporting requirements, and should have it to you this week.
>>
>> Please let me know how you wish the settlement proceeds to be allocated.
>
> Robin

Defense counsel subsequently sent a settlement agreement, but the agreement included three provisions not specifically discussed during the settlement negotiations. The settlement agreement included a non-disparagement provision, a non-dissemination provision, and a provision that the plaintiff would not re-apply to work for the defendant.

---

[1] Based on the discussions during the settlement negotiations and oral argument, it is clear plaintiff's counsel intended to write "no *more* than 30 days." The court is confident neither side disputes this.

The plaintiff objects to these three provisions and argues that because they were never discussed, the court should enforce a settlement agreement that includes only the amount to be paid, the dismissal of any and all claims, that the defendant will issue the check within thirty days of the agreement,[2] and the amount will remain confidential. The defendant, on the other hand, argues the court should enforce the settlement agreement, with the three provisions included in it.

## II. DISCUSSION

It is well settled in the Fifth Circuit that a federal court has the inherent power to enforce a settlement of litigation pending before it. *See White Farm Equipment Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). A settlement agreement is a contract and is judged by principles of state law applicable to contracts generally. *Id.* Under Mississippi law a compromise reached by way of mediation or otherwise is favored, and settlement of disputes by agreement of the parties will be enforced, absent any fraud, mistake, or overreaching. *Hastings v. Guillot*, 825 So. 2d 20, 24 (Miss. 2002). In the present case there are neither factual disputes nor is the court faced with any credibility determinations. Everyone agrees as to what took place during the settlement negotiations; the parties simply disagree as to how the law applies to their situation. Before the court can make that determination, however, it must first determine whether there was a meeting of the minds as to the three provisions at issue. *See Howard v. TotalFina E & P USA, Inc.*, 899 So. 2d 882, 889 (Miss. 2005).

After conducting the settlement conference, considering the motions filed, and hearing oral argument, it is abundantly clear that the plaintiff never contemplated either the non-

---

[2]The defendant has deposited the settlement funds with the court.

disparagement provision, the non-dissemination provision, or the provision that she would not re-apply to work for the defendant. This is most clearly evident in plaintiff's counsel's email where, after referring to the amount of money to be paid, she specifically wrote, "[i]t is my understanding that the *only additional term in the release* will be a confidentiality provision . . . ." (emphasis added). It is equally clear, however, that defense counsel believed the three provisions would be included. While not as plainly clear in her response to the email, she does respond: "I will prepare a standard settlement agreement . . . ." With her motion and during the hearing, defense counsel made it clear that by "standard settlement agreement," she meant an agreement that included the three provisions at issue. After taking all of this into consideration, there can be no doubt that there was not a meeting of the minds as to the three provisions. Consequently, the issue before the court is whether such a misunderstanding nullifies the agreement in its entirety.

To determine whether the parties' misunderstanding nullifies the agreement, the court must determine whether the provisions at issue were material ones. *See Hunt v. Coker*, 741 So. 2d 1011, 1014 (So. 2d 1999) ("If any essential terms are left unresolved, then no contract exists."); *Etheridge v. Ramzy*, 276 So. 2d 451, 454 (Miss. 1973) ("If the document or contract that the parties agree to make is to contain any material term that is not already agreed on, no contract has yet been made."). In the present case, it is clear the provisions at issue are not material ones. While perhaps not entirely "boilerplate" provisions, they are ones utilized often in employment litigation. That being said, however, they are certainly not used in every employment settlement agreement. Indeed, the attorneys in the present case face one another on a regular basis and have used these provisions at one time or another. However as plaintiff's

4

counsel points out, they have never utilized all three provisions in a settlement agreement, and the particular provisions they have used in the past cases varies. While the court does not doubt that defense counsel typically prefers to include these provisions in her standard agreements, it is equally clear to the court that such provisions were never a material aspect to settling the present action.

Accordingly, the court recommends a finding that a settlement agreement exists between the parties. The parties formed the binding agreement on November 16, 2012, and it consists of the following terms: A promise by the defendant to pay a specific amount that is to remain confidential and a corresponding promise by the plaintiff to dismiss her case against the defendant. The non-disparagement provision, the non-dissemination provision, and the provision that she would not re-apply to work for the defendant are not material provisions, and because they were never discussed prior to making the agreement, the undersigned recommends that they not be added to the agreement at this point.

Finally, both sides have asked that the court award attorney's fees. Because both arguments were reasonable and certainly not made "vexatiously, wantonly, or for oppressive reasons," the court recommends that each party bear its own costs. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).

THE COURT, THEREFORE, RECOMMENDS that the defendant's motion to enforce the settlement agreement (# 150) be DENIED, and the plaintiff's motion to enforce the settlement agreement (# 154) be GRANTED.

The parties are referred to 28 U.S.C. 636 (b)(1) and Local Rule 72 (a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and

recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

This, the 4th day of April, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE